IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TRACY LEE THURMAN,                §
                                  §
            Petitioner,           §
                                  §
v.                                §        No. 4:13-CV-440-Y
                                  §
WILLIAM STEPHENS, Director,[1]    §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
            Respondent.           §

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Tracy Lee Thurman, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I.   Factual and Procedural History

On March 23, 2010, in the 266th Judicial District Court, Erath County, Texas, a jury found Petitioner guilty of delivery of a controlled substance--methamphetamine--in the amount of one gram or

---

[1]William Stephens succeeded Rick Thaler as the director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens is "automatically substituted as a party." Fed. R. Civ. P. 25(d)

more but less than four grams.  Petitioner pleaded true to a prior felony conviction, and the jury assessed his punishment at 99 years' confinement and a $10,000 fine.  (J.  of Conviction by a Jury 56, ECF No. 13-3.)  Petitioner appealed his conviction, but the Eleventh Court of Appeals of Texas affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. (Mem. Op., ECF No. 12-3; *Thurman v. State*, PDR No. 1902-11.)  Petitioner also filed a state habeas application challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals. *(Ex parte Thurman*, State Habeas R. cover, ECF No. 15-31.) Petitioner filed this federal habeas petition in the Galveston division of the Southern District of Texas and the action was subsequently transferred to this district and division.

## II.  Issues

In two grounds for relief, Petitioner claims that the Texas courts (1) violated his right to a fair trial by failing to adhere to the announced principles in *Murray v. Carrier* and (2) violated his right under the Sixth Amendment to being provided effective assistance of counsel.  (Pet. 6, ECF No. 1.)

## III.  Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective

Death Penalty Act (AEDPA).   28 U.S.C. § 2254.   Under the AEDPA, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court.   *Harrington v. Richter,* 131 S. Ct. 770, 785 (2011); 28 U.S.C. § 2254(d)(1)–(2).   This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings."   *Harrington*, 131 S. Ct. at 786.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings.   *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).   Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.   This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed-law-and-fact conclusions.   *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).   The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.   *See* 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written

3

opinion, as in this case, it is an adjudication on the merits, which is also entitled to the presumption of correctness. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and infer fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir.2002); *Valdez,* 274 F.3d at 948 n.11; *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997).

## IV.  Petitioner's Claims

Petitioner asserts that he was denied the right to a fair trial by the trial court's unauthorized (under article 36.29(a) of the Texas Code of Criminal Procedure) dismissal of a juror after trial had begun and that his trial counsel was ineffective for failing to object to the trial court's "reasoning" for the dismissal so as to preserve the issue for appeal. Article 36.29(a) provides, in relevant part:

> Not less than twelve jurors can render and return a
> verdict in a felony case.  It must be concurred in by
> each juror and signed by the foreman.  Except, . . .
> however, after the trial of any felony case begins and a
> juror dies or, as determined by the judge, becomes

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d).  *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

4

disabled from sitting at any time before the charge of
the court is read to the jury, the remainder of the jury
shall have the power to render the verdict; but when the
verdict shall be rendered by less than the whole number,
it shall be signed by every member of the jury concurring
in it.

Tex. Code Crim. Proc. art. 36.29(a) (West Supp. 2013).

Petitioner's claim was addressed by the state appellate court

as follows:

Thurman contends in Issues One and Two that the
trial court committed constitutional error in dismissing
a juror for reasons not authorized by Article 36.29(a)
and that the trial court abused its discretion in
dismissing the juror after the trial began, depriving him
of his right to have a jury of twelve render verdicts at
the guilt/innocence and the punishment phases of his
trial.

Prior to the testimony beginning, a juror informed
the court through the court bailiff that he had a problem
regarding a witness in the case. Questioning of the
juror revealed that he had knowledge of one of the
State's witnesses. He indicated that, in November 2008,
his wife did not come home and he found out that she
spent the night at the witness's house. The juror
related, "I just don't feel good about that, we've been
separated since then, and, you know, I just think
something took place." The juror also indicated that he
would have difficulty in believing the witness. When
asked whether he could judge the witness like he could
anyone else or if he would have such a strong and
overriding dislike for the witness that he could not
believe what the witness says, he responded,
"Unfortunately I have such a strong dislike for the
matter that I'm—here again I apologize, but"—He
subsequently finished his answer by saying that he would
have a very difficult time. He acknowledged that, during
voir dire, he had made a notation on the jury
questionnaire that indicated he had some knowledge about
the case and was told that he would be given another
opportunity to talk about it later. He insisted,
however, that he did not know about the witness at that
time.

Later, in response to questioning by the court, the juror testified that the knowledge he had of the relationship between the witness and his wife would have such an effect on his mental condition or emotional state that it would keep him from being a fair and impartial juror in the case.  The court, finding that he would be disabled as a juror, released him from the case.  We hold that the trial court did not abuse its discretion in finding the juror to be disabled and dismissing him from service.

Thurman contends that the term "disability" contained in Article 36.29(a), which authorizes the remainder of the jury to render a verdict where a jury [sic] becomes disabled before the charge is read to the jury, does not include mere bias or prejudice. Thurman concludes that, because the juror in this cause was biased or prejudiced against a State's witness, the juror was not disabled within the meaning of Article 36.29(a). In *Reyes v. State*, 30 S.W.3d 409, 412 (Tex. Crim. App. 2000), the court held that, while mere knowledge of a defendant cannot, in and of itself, render a juror "disabled" within the meaning of Article 36.29(a), the effect of such knowledge on a juror's mental condition or emotional state may result in rendering the juror "disabled" as that term has been construed with regard to Article 36.29.

In this case, as we have previously noted, the juror, in response to a question asked by the trial court, stated that the knowledge he had of the relationship between the witness and the juror's wife would have such an effect on his mental condition or emotional state that it would keep him from being a fair and impartial juror in the case.  Consequently, the trial court could reasonably have found that the circumstance of the juror's knowledge that his wife had left him because of a State's witness would have had such an effect on his mental condition or emotional state that it would keep him from being a fair and impartial juror in the case.  Therefore, the trial court did not abuse its discretion in finding that the juror was disabled within the meaning of Article 36.29(a).

Thurman primarily relies upon the opinions of *Landrum v. State,* 788 S.W.2d 577 (Tex. Crim. App. 1990), and *Carrillo v. State,* 597 S.W.2d 769 (Tex. Crim. App. 1980).  We find both of those cases to be distin-

6

guishable.  Counsel for Thurman made no objection to the court's ruling concerning the juror's disability nor to the court's ruling dismissing the juror, but counsel did move for a mistrial after the juror had been dismissed, asking the court to cause a new venire panel to be selected and rebegin jury selection because Thurman was entitled to a jury of twelve members of the community. Subsequently, the trial court announced that the trial would proceed with the remaining eleven members of the jury, specifically finding that the juror was rendered disabled by virtue of the information that he had and his response to that information relative to a witness in the case.

Where, as here, no alternate jurors have been selected, if a juror dies or, as determined by the trial court, becomes disabled from sitting as a juror at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict.  Article 36.29(a).  The determination of whether to excuse a juror pursuant to Article 36.29(a) is within the sound discretion of the trial court.  *Landrum,* 788 S.W.2d at 579.

In order for an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection.  *Rezac v. State,* 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Thurman presented no objection with respect to the trial court's determination of the juror's disability or the trial court's dismissal of the juror.  Therefore, as to these two issues, nothing is presented for review. Consequently, we overrule Issues One and Two.

Thurman insists in Issue Three that the trial court erred in denying his motion for mistrial following dismissal of the juror.  After the juror was discharged, Thurman moved for a mistrial, asking the court to cause a new venire panel to be selected and rebegin jury selection, so that Thurman could have a twelve-member jury.  The trial court effectively denied the mistrial and continued the trial with the eleven remaining jurors. Inasmuch as the trial court had, without objection, dismissed the juror on the basis of disability, the trial court did not err by proceeding with the trial with the remaining eleven jurors.  Article 36.29(a).  Thurman's argument on appeal is directed only to the trial court's dismissal of the juror on the basis of disability, not to

7

> the trial court's denial of his mistrial after the trial court had dismissed a juror without objection on the basis of disability.  We overrule Issue Three.

(Mem. Op. 2-4, ECF No. 12-3.)

Respondent asserts that Petitioner's first claim is procedurally barred by the Texas contemporaneous-objection rule, or, alternately, that the claim is not cognizable and without merit. (Resp't's Answer 11, ECF No. 20.)  Respondent also asserts that Petitioner cannot demonstrate either deficient performance on the part of trial counsel or prejudice given the appellate court's opinion, which "clearly demonstrates [his arguments] would have been rejected on the merits." (Resp't's Answer 25, ECF No. 20.)

A habeas petitioner's default in state court will not bar federal habeas review if "the petitioner demonstrates cause and actual prejudice." *Coleman v. Thompson,* 501 U.S. 722, 748 (1991). Although an attorney's failure to make objections may constitute "cause" for a procedural default, a petitioner must show that counsel's failure to object amounted to ineffective assistance of counsel. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986); *Cotton v. Cockrell,* 343 F.3d 746, 754 (5th Cir. 2003).  Toward that end, Petitioner claims that trial counsel's failure to specifically object to the trial court's "reasoning" for the dismissal was the cause of the procedural default and that, but for counsel's oversight, "the result on appeal would mirror the result in *Landrum*—reversal of the

8

conviction based upon Abuse of Discretion." (Pet'r's Mem. of Law 4, ECF No. 2.) *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

The Sixth Amendment constitutional guarantee of trial by jury in criminal cases applies to states through the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 149 (1968). The Sixth Amendment does not, however, prescribe the size of the jury that a state must provide for a criminal defendant so long as there are at least six members. *Ballew v. Georgia,* 435 U.S. 223, 239 (1978); *Williams v. Florida,* 399 U.S. 78, 100 (1970). Further, the question of whether a juror is properly dismissed under a disability within the meaning of article 36.29(a) is purely a question of state law. The state courts' interpretation of state law is not subject to review by a federal court in a habeas proceeding unless it rendered the petitioner's trial fundamentally unfair. *Hughes v. Dretke,* 412 F.3d 582, 591 (5th Cir. 2005); *Mills v. Collins,* 924 F.2d 89, 92 (5th Cir. 1991).

Petitioner's claim concerns state criminal procedure, and he has not shown that the state court's application of article 36.29(a) rendered his trial fundamentally unfair or ran afoul of a federal constitutional right. *Goodrum v. Quarterman,* 547 F.3d 249, 261 (5th Cir. 2008). Given the state court's determination that Petitioner's claim was without merit, Petitioner was not actually prejudiced by counsel's failure to preserve the issue for appeal. Under the circumstances, counsel's failure to object neither

constitutes good cause for the procedural default nor satisfies the prejudice prong of the familiar *Strickland* standard. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984).

## V.   Conclusion

Based on the record before the Court, the state courts' rejection of Petitioner's claims is not contrary to, nor does it involve an unreasonable application of, clearly established Supreme Court precedent.   Nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the state court.

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and DENIES a certificate of appealability.

SIGNED October 20, 2014.

_Terry R. Means_

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE